**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JAMERSON TILLMAN : | |
| #35154-037 : | |
|     Plaintiff : | |
| : | |
|     v. : | CIVIL ACTION NO. AW-08-3362 |
| : | |
| UNITED STATES OF AMERICA : | |
|     Defendant : | |

..oOo..

**MEMORANDUM**

Pending is Jamerson Tillman's Motion for Return of Property pursuant to Fed. R. Crim. P. 41 (g) in which he requests return of $506,698.00 in United States currency. Defendant, through counsel, moves for dismissal arguing in the alternative that the action is barred by the statute of limitations, or that proper notice of the forfeiture was provided. Tillman has filed a reply with exhibits. The case will be dismissed as time-barred.

**I. Background**

On December 12, 2008, Tillman, an inmate confined at the Low Security Correctional Institution-Allenwood,[1] filed the instant motion for return of $506,698.00 seized from him by Prince George's County police officers on March 10, 2000, in Greenbelt, Maryland. The DEA later assumed custody of the funds. Tillman claims the forfeiture violated due process because the currency should have been forfeited through judicial, not administrative proceedings. Tillman also asserts that because state authorities seized the currency, there was no federal jurisdiction over the funds.

---

[1] Tillman pleaded guilty to possession with intent to distribute cocaine and cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and money laundering. *See United States v. Tillman*, Criminal Action No. AW-00-137 (D. Md.). He is serving a term of 295 months incarceration.

Notably, Tillman does not challenge the adequacy of notice of forfeiture.[2] Tillman does not dispute that on May 4, 2000, the DEA sent notice of intent to seize the property by certified mail- return receipt requested- to Tillman at: 1) 9336 Edmonston Road, Apt. 204 Greenbelt, Maryland; 2) the Charles County Detention Center in LaPlata, Maryland; 3) to his counsel Bernard Grimm, Esq., Grimm, Petres, and Weiser, 307 G Street, N. W. Suite 300, Washington, D.C.; and 4)Tammy Marie Williams at 9336 Edmonston Road, Apt. 204, Greenbelt Maryland. The notices explained that Tillman had the option of filing a claim and cost bond, or an affidavit of indigency instead of the cost bond, to contest forfeiture. Additionally, notice was published for three successive weeks in *The Wall Street Journal* on May 15, 22, and 30, 2000. Tillman did not file a claim, and the currency was forfeited on November 9, 2000.

## II. Analysis

Generally, once the government initiates administrative forfeiture proceedings, federal district courts are divested of jurisidiction to hear matters directly or collaterally concerning the property. *See Ibarra v. United States*, 120 F. 3d 472, 474-76 (4th Cir. 1997). An exception exists when a party alleges that the government failed to provide adequate notice of forfeiture, and, as a result, violated the claimant's due process rights. *See United States v. Minor*, 228 F.3d 352, 355-57 (4th Cir. 2000). Due process does not entitle a claimant to actual notice of an administrative forfeiture. *See Dusenbery v. United States*, 534 U.S. 161, 168-701 (2002). Instead, it requires notice "reasonably calculated under all the circumstances' to apprise a party of the pendency of the action." Id. at 701 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950). The burden is on the government to show adequate notice. *See Dusenbery*, 534 U.S. at 168; *Minor*, 228 F.3d at 358. Determining whether these efforts satisfy due process mandates a context-specific inquiry. In this

---

[2] *See* 18 U.S.C. § 983(e).

case, plaintiff does not allege or offer specific evidence that he did not know in March of 2000 that his property had been seized.[3]  Thus, even were the complaint timely, it fails to state a proper claim for  return of forfeited funds.

### A. Statute of Limitations

The Civil Asset Forfeiture Reform Act (CAFRA),  effective August 23, 2000, requires that a motion for return of property be filed "not later than 5 years after the date of final publication of notice of seizure of the property."  18 U.S.C. §§ 983(e)(3).  CAFRA applies to "any forfeiture proceeding commenced on or after August 23, 2000.  Forfeitures completed prior to the enactment of CAFRA are subject to six-year statute of limitations which provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a).  *See United States v. Minor,* 228 F.3d 352 (4th Cir.2000*).*

In this case, final notice was published on May 30, 2000.  The limitations period under CAFRA elapsed five years later, May 20, 2005.  Tillman filed this Rule 41(g) Motion more than three years after the statute of limitations expired.  Under the six-year statute of limitations applicable prior to CAFRA,  Tillman's cause of action accrued and the six-year limitations period began to run on the date he first became aware that the government declared the property forfeited or when, through inquiry he reasonably could have been expected to make, he would have been aware of the forfeiture. *See id.*   Accordingly,  the cause of action accrued on the date of forfeiture, November 9, 2000, and the instant motion was  filed more than two years after the six-year statute

---

[3] Tillman appears to acknowledge that he was aware of the seizure of funds in March of 2000.  Complaint, p. 2.

of limitations expired.[4]

**B. Equitable Tolling**

Tillman asserts that equitable tolling of the statute of limitations is warranted. In support, he provides the following information. In June of 2006, Tillman filed a Freedom of Information Act request with the Drug Enforcement Administration and the United States Attorney's Office seeking all documents pertaining to him. On September 26, 2006, he was notified no records had been located. On April 9, 2007, Tillman was notified that all records had previously been provided to him. Tillman responded that no records had been provided to him previously and perhaps his request had been confused with that of his brother, James Tillman. In January of 2008, Tillman received 59 pages, but no information on seizures or forfeitures. Tillman states "[a]fter almost two years wasted on repeated requests and appeals, my mother, Barbara Tillman-Corley, informed me that she had located three DEA seizure notices stemming from my March of 2000 arrest: 1) funds from a bank account in Washington, D.C., 2) a Rolex watch, and 3) a 1996 Chevrolet Impala in one of the two boxes sent to her by my appellate counsel, King and Spaulding." Affidavit of Jamerson Tillman, p. 1. Also in the boxes was a report which indicated that "the [government] had acquired the $506, 698 in the form of a cashier's check and intended to process it for forfeiture." *Id*. Tillman indicates, however, his continuing efforts to obtain this information through Freedom of Information Act requests have been unsuccessful.

Tillman fails to demonstrate grounds for equitable tolling. "Equitable tolling allows courts

---

[4] Tillman's exhibits show that he attempted to file his Freedom of Information Act request with the Court on July 19, 2008, in regard to the seizure of currency. Paper No. 1, Exhibit 3. He was notified that federal courts are not "agencies" from which Freedom of Information Act material may be obtained. *See* 5 U.S.C. § 551(1)(B); *see also Warth v. Department of Justice*, 595 F. 2d. 521, 523 (9th Cir. 1979).

4

to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hospital*, 86 F.3d 8, 12  (2d Cir.1996). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The party attempting to invoke an equitable toll bears the burden of proving that such a toll is appropriate. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir.2000).

Tillman does not demonstrate diligent attempts to recover his property.  His requests under the Freedom of Information Act were initiated in 2008, long after the currency was forfeited. Further,  Tillman fails to produce any evidence of extraordinary circumstance or  that defendants acted to prevent him from timely pursuing his rights.  The facts are that Tillman's various avenues of recourse were explicitly stated in the undisputed notices of forfeiture sent in May of 2002.  There is no cause to apply equitable tolling.

### C. Administrative Forfeiture

Administrative forfeiture of $506,698 in currency was proper under 19 U.S.C. § 1607 (a)(4), which provides that any amount of a "monetary instrument within the meaning of section 5312(a)(93) of title 31" may be administratively forfeited.  The statute provides that "monetary instrument means United States coins and currency."  31 U.S.C. 5312(a)(3)(A).  Tillman's claim that the forfeiture was proper only through judicial forfeiture proceedings lacks legal merit.

### D. Propriety of Seizure

The United States may seize property if "the property was lawfully seized by a State or local law enforcement agency and transferred to a Federal agency. "A federal agency may adopt property

seized by another agency, including a state agency when related to illegal drug use or trafficking. 18 U.S.C. § 981(b)(2)(C).

Tillman's claim that the district court did not have physical control over the funds is similarly unavailing. Tillman's reliance on *Scarabin v. DEA*, 966 F.2d. 989 (5th Cir. 1992) is misplaced. *Scarabin* addressed a Louisiana state law requiring state courts to assert control over items seized pursuant to warrant. *See id.* Maryland state law is different; it permits a seizing state authority to dispose of property by transferring it to a federal agency without court order. *See DeSantis v. State*, 384 Md. 656, (2005) (holding that when a the seizing state authority transferred currency to the DEA for forfeiture proceedings, court order to relinquish the property is not required).

## III.  CONCLUSION

For these reasons, the court finds the motion is time-barred. The motion will be dismissed by separate order.

Date:   July 14, 2009                                    /s/
                                                        Alexander Williams, Jr.
                                                        United States District Judge